KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph John Chapa, | ) | No. CV 10-2729-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Board of Supervisors, et al., | ) | |
| Defendants. | ) | |

Plaintiff Ralph John Chapa, who is confined in Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney

1  v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in*
2  *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
3  §§ 1911-14 applicable to everyone else.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th
4  Cir.1996).

5        At least three of the prior actions Plaintiff has filed in federal courts have been
6  dismissed as frivolous, malicious, or as failing to state a claim:

    (1)    Chapa v. Hackwell, CIV 03-1364-PHX-RCB (DKD), March 5, 2004 Order (Doc. 16) and Judgment of Dismissal (Doc. 17) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g);

    (2)    Chapa v. Cullhane, CIV 03-2256-PHX-RCB (DKD), April 9, 2004 Order (Doc. 4) and Judgment of Dismissal (Doc. 6) dismissing the action for failure to state a claim and noting the dismissal may fall within the purview of 28 U.S.C. § 1915(g), and July 20, 2005 Mandate from the Ninth Circuit Court of Appeals affirming dismissal; and

    (3)    Chapa v. Steinhauser, CIV 03-1336-PHX-RCB (DKD), May 17, 2004 Order (Doc. 14) and Judgment of Dismissal (Doc. 15) dismissing the action for failure to state a claim and noting that the dismissal may fall within the purview of 28 U.S.C. § 1915(g).

15        The Court has reviewed the above Orders of dismissal and finds that each counts as
16  a "strike" for the purposes of 28 U.S.C. § 1915(g).  Accordingly, Plaintiff may not bring a
17  civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent
18  danger of serious physical injury.  28 U.S.C. § 1915(g).

19  **II.    Failure to Allege Imminent Danger of Serious Physical Injury**

20        In his Complaint, Plaintiff claims that his Eighth and Fourteenth Amendment rights
21  were violated when Detention Officers refused to replace monitors during visitation hours
22  and Plaintiff suffered pain and psychological stress as a result.  Plaintiff has not demonstrated
23  that he is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g)
24  in order for Plaintiff to bring this action without complete pre-payment of the $350.00 filing
25  fee. Accordingly, the Complaint and this action will be dismissed without prejudice pursuant
26  to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee.  If Plaintiff wishes to
27  reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
28  his action.

1  **IT IS ORDERED**:

2  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **denied**.

3  (2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed** pursuant to 28
4  U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
5  by the full $350.00 filing fee.

6  (3) The Clerk of Court must enter judgment and close this case.

7  DATED this 14th day of January, 2011.

David G. Campbell
United States District Judge